Barnard, J.
This proceeding is properly taken by the plaintiff to acquire the lands of the Third Methodist Episcopal Church of the city of Brooklyn, and is under and pursuant to the condemnation law, as provided in chapter 23 of the Code of Civil Procedure. No question is made as to regularity of the proceedings under the statute, including the presentation of the petition, the decision and judgment in favor of the petitioners, the order appointing the commissioners of appraisal, and the report of the commissioners and the confirmation of their report by the order of the court, of date October 24, 1891. - At this stage of the proceedings this motion is made; “ For leave to enter final judgment herein upon the-said report and award, and the order confirming the same, and with interest thereon from the date of said report, to wit, July 24, 1891,” and that the defendant, the church, be subrogated to the rights of the other defendants by reason of having acquired or satisfied their claims set forth in the report. The statute very plainly points out the procedure. By § 3371 it is provided that “ if the report is confirmed the court shall enter a final order in the proceeding, directing that compensation should be made to the owner of the property pursuant to the determination of the commissioners, and that upon payment of such compensation that plaintiff shall be entitled to enter into possession of the property, etc.” Section 3373 provides “ that upon the entry of the final order the same shall be attached to the judgment roll in the proceeding, and the amount directed to be paid, etc., shall be docketed as a judgment against the person who is directed to pay the same, and it shall have all the force and effect of a money judgment in an action in the supreme court.” Section 3374 provides for the abandonment of the proceedings, at the option of the plaintiff, within thirty days after the entry of a final order, and § 3375 pro vid es-for an appeal to the general term from the final order. The plain intent and direction of the statute is that the “final order” shall follow immediately and peremptorily upon the confirmation of the-report. It provides “if the report is confirmed, the court shall enter a final order in the proceeding,” directing compensation pursuant to the determination of the commissioners; and the amount to be paid is to be forthwith docketed, with the force and effect of a money judgment in an action. Although the defendant in the notice of motion herein moves for leave to enter final judgment, herein, it must be considered as a motion for the final order mentioned in § 3371, which is the proper and necessary Order, following immediately upon the order of confirmation of the report, the last previous step in the proceedings. With this brief review of the statute, we can better pass upon the question of interest upon the award raised in the motion papers. Nothing in the statute indicates an intention that the award shall bear interest from the date of the report. The court, on motion to confirm, may confirm it, or may set it aside for irregularity or for error of law in the pro *617 ceedings before the commissioners, or upon the ground that the award is excessive or insufficient.” Section 8871. Nothing is to be considered as established as to the amount due until after the. confirmation of the report, and then the immediate and. imperative final order directing the payment of the award, and the immediate docketing of the amount of the judgment pursuant to § 3373, and with all the force and effect of a money judgment in an action in the supreme court, “ with interest as an incident of the judgment,” indicate an intent to fix the time when interest is to commence at the docketing of the judgment. Under the general railroad act, in proceedings for condemnation of lands, it was provided that interest upon the award should run, not from the date of the report of the commissioners, but from the date of the order confirming the report. 2 Eev. St. (Banks’ Bros. 7th ed.) p. 1552, § 18. The consideration given for the present statute leads to practically the same result as to the time when interest should begin; for, as we have seen, the confirmation of the report, the final order directing payment, and docketing of the amount as a judgment bearing interest, are, in the intent of the statute, substantially simultaneous. It follows that .the defendant is entitled to the final order directing payment of the award without interest, as it was entitled immediately upon the confirmation of the report. No question seems to be raised by the plaintiff as to subrogating the church to the rights and claims of the other defendants, the tenant and mortgagee, and the order may provide accordingly, although, if required by the plaintiff, the defendant should procure and file satisfactory releases by the mortgagee and tenant of their claims. Let the order be drawn accordingly, without costs to either party.
J. 0. Bergen, for app’lt; W. J. Broo, for resp'ts.
Pratt, J.
The opinion rendered below covers about all the points necessary to a decision at this time.
Nothing need be added to what that opinion holds in the construction of §§ 3371, 3373 and 3374 of the Code.
If the order confirming the report or the final order is to have the force and effect of a money judgment, it follows that it must bear interest from the date of its entry.
There can be no objection to the entry of the final order concurrently with an order confirming the report; in fact, it could be done in one order, but a mere order confirming the report alone would not constitute the final order contemplated by the Code.
It is the entry of the final order that must fix the date from which interest must be computed.
The contention that a jalaintiff may avoid payment of interest by neglecting to enter into possession cannot be sustained either by reason or any proper construction of the statute.
By such a theory the plaintiff could make the defendant become his tenant with the rent fixed at the' amount of interest upon the award.
It is equally absurd and amounts to the same result to hold that as long as the plaintiff neglects to take possession the defendant *618 is liable for rents and profits or a reasonable amount for rent. In no case can the plaintiff in such a proceeding make the defendant, his tenant against his will.
Undoubtedly an- order confirming the report of commissioners-can be made a final order if' it is in proper form, but in this case it was not done, and hence interest did not begin to run.
I do not deem it necessary to discuss the cases cited by the plaintiff’s attorney, as they are not in point.
We think the order appealed from ought to be affirmed, with costs.
Dykman, J., concurs; Barnard, P. J., not sitting.